**SHARON GILB3ERT TIMM, ESQUIRE**
**Attorney I.D. 77778**
Penn's Court, Suite 111
350 South Main Street
Doylestown, PA  18901
(215) 489-0179

_____

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KATRINA WILLIAMS-McCOY** | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 02-CV-5125 |
| v. | : | |
| | : | |
| **STARZ ENCORE GROUP** | : | JURY TRIAL DEMANDED |
| a/k/a **ENCORE MEDIA COMPANY** | : | |
| Defendant. | : | |

### PLAINTIFF'S ANSWER TO DEFENDANT'S
### STATEMENT OF UNCONTESTED FACTS

1.      Denied as stated.  Plaintiff initially contacted Que Spalding, president of the company, for a position.  McCoy N/T p. 107:7-9.  Que Spalding referred her to Jillaina Wachendorf who in turn referred her to Robin Feller, McCoy N/T p. 107:7-23.  The letter referred to by Defendant was sent by Plaintiff to Ms. Feller after her conversations with Mr. Spalding and Ms. Wachendorf, McCoy N/T p. 307: 14-17.

2.      Admitted.

3.      Admitted.  By way of further response, Ms. McCoy was also interviewed by Miles McNamee during the interview process, McCoy N/T p. 51:20-24.  She was also interviewed by Robin Feller, Division Vice President, Feller, N/T 13:15-19.  Ms. McCoy had three interviews, Feller N/T 13: 21-23.  At her third interview Susan Geiselhart, Division Vice President, was also present, Feller N/T 15:6-16.

4.      Admitted in part; denied in part.  Contrary to testimony presented by defense, Ms. McCoy testified she didn't know who made the decision to hire Plaintiff, McCoy N/T 108:9-14.  The decision to hire McCoy was made by Sartino and Feller, Feller N/T 16:24, 17:1-2.  It is admitted Feller did call McCoy with the offer, McCoy N/T 108:13-14.

5.      Admitted.

6.      Denied.  It is denied that Plaintiff's salary of $60,000 was near the top of the range offered to new District Managers.  Sartino testified there was not a clear cut line between positions, Sartino N/T 34:14-20.  When questioned in the 30(b)(6) deposition, Sheryl Anderson testified there was an informal range which is not a published policy for the district manager position, Anderson N/T 106:16-20; 107:2-4.  McCoy was hired within the informal range for the position, Anderson N/T 108:6-10.

7.      Admitted.  By way of further response, Sartino testified she started Willcom at $50,000 or $55,000 based on Willcom's prior sales experience, Sartino N/T 35:4-15.  MCoy received a slightly higher salary due to the fact she had more sales and marketing experience than Willcom, Sartino N/T 35:11-15.

8.      Admitted.

9.      Admitted.

10.     Denied.  Both the document marked as McCoy 4 and Sartino's testimony reflect the fact the Action Plan dated July 26, 2000, was given to and discussed with McCoy on July 27, 2000, at 11:00 A.M., Sartino N/T 87:6-8, Exhibit 4.  Further, the Action Plan was the first Sartino had even written as a supervisor for Starz, Sartino N/T 123:14-24.

11.     Admitted.  By way of further response, Plaintiff testified it was humanly impossible for her to complete all the items listed in the Action Plan as she was performing the work of three individuals, McCoy N/T 246 :21-24; 247:1-5.  To quote Plaintiff, she was not Superwoman, McCoy N/T 251:12-13.

12.     Admitted.  By way of further response and in support of Plaintiff's argument that this is pretextual in nature, Feller testified she participated in three corrective actions, one with McCoy a black female; one with another minority female who was also terminated in 1997; and the third individual was a white male who was not terminated in 1998 or 1999, Feller N/T 82:13-24; 83:1-21.  Feller has been employed as a manager within Starz for fourteen to fifteen years, Feller N/T 88: 13-19.  Feller testified she never hired a black district manager prior to McCoy, Feller N/T 32:8-10, and Feller has never hired a black district manager after McCoy's period of employment, Feller N/T 32:11-13.  Feller has interviewed and hired hundreds of people within Starz, Feller N/T 34:8-10.  Sartino testified this was the first corrective action discipline she ever gave an employee within Starz, Sartino N/T 152:1-24.  McCoy is also the only employee Sartino ever gave an action plan or corrective discipline, Sartino N/T 158:10-16.  Katrina McCoy is also the only black management employee Sartino ever hired, Sartino N/T 221:23-24; 222:1-2.  Sartino has been employed by Defendant since May of 1996 as a manager, Sartino N/T 6:1-8.

13.     Admitted.

14.     Admitted.

15.     Admitted.

2

16.     Admitted.  By way of further response, Sartino testified Plaintiff was the first employee within Starz she had ever terminated, and the only employee she ever terminated, Sartino N/T 158: 6-16.  McCoy is also the only employee Sartino ever gave an action plan or corrective discipline, Sartino N/T 158:10-16.  Katrina McCoy is also the only black management employee Sartino ever hired, Sartino N/T 221:23-24; 222:1-2.  Sartino has been employed by Defendant since May of 1996 as a manager, Sartino N/T 6:1-8.

17.     Admitted.