IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISRICT OF PENNSYLVANIA

| | |
|---|---|
| KATRINA WILLIAMS McCOY : | |
| Plaintiff, : | |
| v. : | Civil Action No. 02 CV 5125 |
| STARZ ENCORE GROUP : a/k/a ENCORE MEDIA COMPANY : | |
| Defendant. : | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

In her Response, Plaintiff has failed to cure the fundamental failures of her claim: she has not established a *prima facie* case for race discrimination, and she has not established that Defendant discharged her for any reason other than her poor performance. Simply put, Plaintiff cannot demonstrate that she was subjected to racial discrimination.

In every case alleging race discrimination, the plaintiff bears the burden of proving that the conduct occurred because of her race. The plaintiff must demonstrate "that an employment decision was based on an illegal discriminatory criterion. . . ." <u>O'Connor v. Consolidated Coin Caterers Corp., 517 U.S. 308, 312, 134 L. Ed. 2d 433, 116 S. Ct. 1307 (1996)</u>. Interpersonal difficulties, a lack of supervisory support, heavy workloads, and difficulty in meeting the demands of one's job do not constitute race discrimination unless Plaintiff produces evidence that such behavior was targeted at her **because of her race**. Plaintiff's Response serves only to highlight the fatal deficiencies in her claim.

963555v1

## II.   ARGUMENT

**A.   <u>Plaintiff Cannot Establish Her Prima Facie Case Because She Cannot Demonstrate That She Was Qualified For Her Position</u>**

Plaintiff states in her Response that her ostensible qualifications at hiring establish the first element of her *prima facie* case: that she was qualified for her position. This is simply untrue. Of course, a job offer implies that the employer – at the time of hiring – believes that the candidate can perform the job satisfactorily. However, this hopeful expectation does not establish that a poorly performing candidate remains qualified for their position. Decisions of this court are to the contrary. *See Stove v. Philadelphia Sch. Dist.*, 58 F. Supp.2d 598, 601 (E.D. Pa. 1999), *aff'd* 216 F.3d 1077 (3d Cir. 2000), *cert. denied* 531 U.S. 1012; *Gaspar v. Merck & Co.*, 118 F. Supp.2d 552 (E.D. Pa. 2000). Plaintiff's claim that she was qualified when hired is irrelevant, even if accepted as true. Plaintiff was not qualified at the time of her termination, and accordingly her *prima facie* case fails.

**B.   <u>Plaintiff Has Failed to Demonstrate Pretext</u>**

If the Court reaches the issue of pretext, Plaintiff's "evidence" remains insufficient to cast doubt on Defendant's legitimate, non-discriminatory reasons for Plaintiff's termination.

All of Plaintiff's "evidence," even if true, fails to establish that any conduct she complains of was directed at her **because of her race.** She claims that she was deprived of workplace resources, mistreated and criticized, and not supported by her managers. She even goes so far as to claim that a former African-American employee was told not to talk to Plaintiff.

This last allegation highlights the quality of Plaintiff's "evidence." It is simply untrue, as Plaintiff's own exhibits reveal. Susan Lewis's deposition testimony – cited to and relied upon by

Plaintiff as support for this contention – flatly contradicts this claim.[1] In fact, Lewis testified: "Q: Did you ever tell [Plaintiff] that you had been warned . . . not to speak to [her]?" A: **No.**" Lewis Depo., Pl's Ex. E, 25:15-18.

Plaintiff also contends that "subjective" criteria were used to evaluate her performance, and that this "fact" establishes pretext. The criteria Defendant used – the inability to prepare or understand a budget; the failures to complete projects, compile necessary data and meet deadlines – are arguably more objective than subjective. Moreover, even if Plaintiff was evaluated subjectively, the case Plaintiff relies on in support of this point held that "nothing in Title VII bans outright the use of subjective evaluation criteria." *Satar v. Motorola, Inc.*, 138 F.3d 1164, 1170 (7th Cir. 1998). The law is clear that so long as an employer does not discriminate, an employer may rely on subjective criteria in deciding whether to terminate an employee. *See Ezold*, 983 F.2d at 527. Accordingly, Plaintiff's "subjective evaluation" argument does not "forestall summary judgment." *Satar*, 138 F.3d at 1171.

Likewise, Plaintiff's personal disagreement with her corrective actions and/or evaluations does not establish pretext. It is well established that Plaintiff's "view of [her] job performance is not at issue; what matters is the perception of the decision maker." *Billet v. CIGNA Corp.*, 940 F.2d 812, 825 (3d Cir. 1991). "The employee's positive performance in another category is not relevant, and neither is the employee's judgment as to the importance of the stated criterion." *Simpson v. Kay Jewelers*, 142 F.3d 639, 647 (3d Cir. 1998). In fact, if an employer relies upon a particular area where an employee is deficient in making the decision to terminate that individual, and ignores other areas where an employee excels, this does not establish evidence of

---

[1] This is not the only instance of erroneous citation by Plaintiff. *See, e.g.*, Plaintiff's citation to Sheryl Anderson's deposition on p. 2, ¶ 11 of Plaintiff's Answer to Defendant's Statement of Uncontested Facts. Plaintiff relies upon Anderson's testimony for the proposition that she "performed the responsibilities of three different positions."

discrimination unless a plaintiff can identify similarly situated employees who were judged by different criteria. *See Ezold v. Wolf, Block, Schorr & Solis-Cohen,* 983 F.2d 509, 528 (3d Cir. 1993), *cert. denied* 510 U.S. 826. To show pretext, Plaintiff must identify evidence that she satisfied Defendant's job criteria, or that Defendant did not actually rely upon the stated criteria. *Simpson,* 142 F.3d at 647. Plaintiff has done neither.

Plaintiff's contention that she was unaware that Sartino was unhappy with her performance until her deposition,[2] even if true, does not establish pretext. "The company is under no obligation to warn plaintiff of complaints regarding [her] performance and, if anything, the effect of such evidence is equivocal, perhaps indicating that plaintiff was receiving the benefit of the doubt." *Healy v. New York Life Ins. Co.,* 860 F.2d 1209, 1216 (3d Cir. 1988), *cert. denied* 490 U.S. 1098 (1989).

Plaintiff's attempt to blame Sartino for some of her deficiencies is also insufficient to establish pretext. Sartino's interim management of customer accounts for 23 days in January, 2000, can hardly be deemed to establish pretext, or an excuse for Plaintiff's admitted failure to complete projects on these accounts a full nine months later in September, 2000. It is clearly not the kind of evidence that would cause a reasonable fact finder to find Defendant's legitimate reasons for termination "unworthy of credence." *Fuentes v. Perskie,* 32 F.3d 759, 765 (3d Cir. 1994).

Plaintiff also reiterates her complaint that she was deprived of corporate resources, and claims this constitutes pretext evidence. However difficult it was for Plaintiff to operate without the help she believes she needed, she has still identified no evidence that any lack of support she

---

Anderson's testimony says no such thing. The only "evidence" that Plaintiff was subjected to a more onerous work load than her contemporaries comes from Plaintiff's own speculations.

[2] This contention is not credible, as Plaintiff admitted receiving the Corrective Discipline Memorandum and 30-60-90-day Action Plan. *See* McCoy Depo, Pl's Ex. A, 242:23-243:18 and 254:16-19.

received was because of her race. At most, such "evidence" demonstrates that Defendant' workplace suffered from a common malady in this economy – employees having to work hard in an attempt to accomplish more with fewer resources.

Plaintiff's contention that she was performing the work of three positions remains unsupported by any objective evidence. Plaintiff's Response does not identify the basis for this assertion. Plaintiff's own testimony is that she has no foundation for this claim. *See* Defendant's Summary Judgment Brief, p. 17. Even if Plaintiff's workload was heavy, without evidence establishing that others had lighter workloads, and Plaintiff was subjected to differential treatment because of her race, Plaintiff's "evidence" suggests only that the demands of her job were significant, and Plaintiff herself believed the job was more than she could do.

Plaintiff cannot identify any individuals who were comparable to her in performance, yet were treated more favorably. Plaintiff's Response admits that there is no comparator evidence here. Without showing that she was treated in a dissimilar fashion, Plaintiff cannot establish indirect evidence of pretext.[3]

And finally, the alleged comments made by Sartino and/or Feller do not constitute pretext evidence, particularly where there is no temporal proximity to Plaintiff's termination. As specifically pointed out in Defendant's Summary Judgment Brief, these comments contained no reference to race whatsoever. Moreover, it is well established that comments, even those made by a decision-maker, will not constitute evidence of discrimination unless they are related to the decisional process itself. *See Ezold,* 983 F.2d at 545.

Significantly, Plaintiff herself is of two minds as to whether she thinks she was the victim

---

[3] Plaintiff's argument that Sartino and Feller have not hired other minorities, and have only disciplined minorities, is unaccompanied by any evidence regarding the number of eligible minorities who have applied for jobs and been rejected, and is without any comparative evidence regarding non-minority employees who should have been

of discrimination. In response to questioning about why she did not report any of the alleged racial bias to anyone at Starz, Plaintiff replied, **"I had not been discriminated against."** McCoy Depo., Pl's Ex. A, 145:20-22. Confronted with this statement, which is devastating to her case, Plaintiff now submits an affidavit with her Response in an attempt to evade the consequences of her own sworn testimony. Pl's Ex. K. The Court should disregard this eleventh-hour affidavit:

> If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment as a procedure for screening out sham issues of fact.

*Martin v. Merrell Dow Pharmaceuticals, Inc.*, 851 F.2d 703, 706 (3d Cir. 1988). Where an affiant has been questioned on an issue, had access to the relevant information, and has provided no satisfactory explanation for the later contradiction, the courts of this circuit "are in agreement that the subsequent affidavit does not create a *genuine* issue of material fact." *Id.* (emphasis in original). Plaintiff has offered only a self-serving "explanation" – that what she really meant was that she had never been discriminated against before working at Starz. The Court should hold Plaintiff to her own unequivocal statement, "I had not been discriminated against."

As set forth by the Supreme Court:

> The central focus of the inquiry in a case such as this is **always** whether the employer is treating 'some people less favorably than others because of their race, color, religion, sex, or national origin.' The method suggested in *McDonnell Douglas* for pursuing this inquiry, however, was never intended to be rigid, mechanized, or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the **critical question of discrimination**.

*Furnco Construction Corp. v. Waters*, 438 U.S. 567, 98 S. Ct. 2943, 57 L. Ed. 2d 957 (1978) (emphasis added) (internal citations omitted). Where, as here, the record is devoid of any

---

disciplined, but were not. Again, all Plaintiff's "evidence" has established is that she was the only employee Sartino supervised whose performance was seriously deficient enough to warrant the consequences she received.

credible evidence of discrimination, and where the *prima facie* case has not been met, the Court should grant summary judgment for Defendant.

### III. CONCLUSION

Plaintiff's Response and its extensive exhibits are an attempt to compensate with volume for what Plaintiff's case lacks in merit. When pared down to its essentials, Plaintiff still has not identified any issue of material fact making summary judgment inappropriate in this case. Even if every incident occurred as Plaintiff described, without establishing the elements of her *prima facie* case, and credible evidence of pretext, Plaintiff's discrimination claim is legally deficient.

Respectfully submitted this 3rd day of October, 2003,

        ELZI PRINGLE GURR & STACY

By: _____
    David H. Stacy
    950 17th Street, Suite 1875
    Denver, CO 80202
    (303) 623-9111

MONTGOMERY MCCRACKEN, WALKER & RHOADS, LLP

By: _____
    L. Kristen Blanchard
    123 Broad Street, Avenue of the Arts
    Philadelphia, PA 19109
    (215) 772-7491

Attorneys for Defendant Starz Encore Group

963555v1

## CERTIFICATE OF SERVICE

I, L. Kristen Blanchard, hereby certify that on this 3rd day of October, 2003, I caused a true and correct copy of the foregoing **Reply in Support of Defendant's Motion for Summary Judgment** to be served via First Class United States mail, postage prepaid upon the following:

Sharon Gilbert Timm, Esquire
350 South Main Street
Penns Court – Suite 111
Doylestown, PA 18901
*Attorney for Plaintiff,*
*Katrina Williams McCoy*

_____
L. Kristen Blanchard