**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KATRINA WILLIAMS McCOY | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Civil Action No. 02 CV 5125 |
| STARZ ENCORE GROUP | : | |
| a/k/a ENCORE MEDIA COMPANY | : | |
| | : | |
| Defendant. | : | |

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of Plaintiff's

Motion for Reconsideration and Defendant's Response thereto, it is hereby ORDERED AND

DECREED that Plaintiff's Motion is DENIED.

BY THE COURT:

_____

Judge William H. Yohn, Jr.

1018269v1

-2-

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATRINA WILLIAMS McCOY | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | **Civil Action No. 02 CV 5125** |
| STARZ ENCORE GROUP | : | |
| a/k/a ENCORE MEDIA COMPANY | : | |
| | : | |
| **Defendant.** | : | |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Defendant, through its undersigned counsel, submits the following Response to Plaintiff's

Motion for Reconsideration (the "Motion").

### I. INTRODUCTION

Motions for reconsideration are granted only sparingly, because they uniquely implicate

federal courts' "strong interest in the finality of judgments."  Here, Plaintiff has failed to advance

any basis upon the which the Court should reconsider its Order granting judgment to Defendant.

### II.    ARGUMENT

**A.    Plaintiff Presents No "New" Evidence In Support Of Her Motion For
Reconsideration And Accordingly It Must Be Denied.**

A party may not submit evidence which was available to it prior to a court's grant of

summary judgment.  *Smith,* 155 F.R.D. at 97.   Thus, a motion for reconsideration must be

denied unless new evidence has come to light, and that new evidence would have affected the

court's decision had it been previously presented.

-2-

1018269v1

The evidence proffered here as "newly discovered" has clearly been available to Plaintiff since at least March 17, 2003, six months before she submitted her opposition to summary judgment. On that date, Plaintiff, in her responses to written discovery, listed Ms. Davis as a witness for the same assertions at issue here. *See* Ex. A. Plaintiff took depositions in Chicago on June 6, 2003, and in Toledo, Ohio on June 17, 2003. On either of these trips, and at relatively little expense, Plaintiff could have deposed Ms. Davis in Cleveland, Ohio, had her testimony truly been important.

Defendant submits that the testimony of Ms. Davis is not "newly discovered," and should not be considered by the Court. In this Circuit, "[w]here evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." *Hansco Corp. v. Zlotnicki,* 779 F.2d at 909. *See also DeLong Corp. v. Raymond International Inc.*, 622 F.2d 1135, 1139-40 (3d Cir. 1980).

**B.    Even If The Davis Affidavit Constituted "New" Evidence, It Is Irrelevant And Would Not Have Impacted This Court's Reasoned Decision.**

Even if the Davis affidavit contained "new evidence," Plaintiff still fails to satisfy the heavy burden she bears in bringing her Motion: she has not demonstrated that this evidence would have changed this Court's decision. In other words, reconsideration in this case is not necessary to correct a "manifest injustice" resulting from the earlier summary judgment decision. *See Smith*, 155 F.R.D. at 96-97. A manifest injustice did not result because even if the Court had considered the Davis affidavit, the result would have been the same.

Specifically, Ms. Davis makes no claim in her affidavit that she was discharged from Starz on the basis of her race. In fact, Ms. Davis has never alleged race discrimination in connection with her employment with Defendant or her termination by Defendant. *See* Ex. B,

Affidavit of Sheryl Anderson. On the contrary, she admits that she was terminated "for not performing to the standards of the job."

Furthermore, Ms. Davis is not similarly situated to Plaintiff, and cannot serve as a comparator. Ms. Davis worked on the Time Warner team during her employment with Defendant. *See* Ex. B. That team had a management structure that was entirely separate from that of the AT&T team, for which Plaintiff worked. *Id.*

The Davis affidavit contains **no evidence** bearing on the "central focus" of Plaintiff's *prima facie* case – that is, whether Defendant treated Plaintiff or any other African-American employee less favorably **because of race.** *See Sarullo v. United States Postal Serv.*, 352 F.3d 789, 798 (3d Cir. 2003). In fact, the Davis affidavit supports the contrary proposition – that employees who perform below the standards of their job – as this Court found that the Plaintiff did – face the real possibility of termination.

Ms. Davis's affidavit observations that there are "few people of color at the management level" and "there are more people of color employed [in administrative roles]" of Defendant is not probative of racial bias, is inadmissible, and legally irrelevant. Nowhere in the Davis affidavit does Ms. Davis provide a foundation for these "people of color" statements – how it is that she has come to know that there are "few" "people of color" in management and "more" "people of color" in administrative roles? Defendant's offices are located in numerous states, virtually coast-to-coast, and she could not possibly have personal knowledge of the numbers of "people of color" in different positions within Defendant. Furthermore, the focus of this case is the treatment by Defendant of African-Americans, not the vague category of "people of color."

1018269v1

-5-

Moreover, such unsubstantiated statistical speculation does not create any inference of discrimination with respect to Plaintiff's claim[1]:

> [I]n *individual* disparate treatment cases . . . statistical evidence is less significant [than in disparate impact cases] because the ultimate issue is whether the *particular* plaintiff was the victim of an illegitimately motivated employment decision.  Further, while the statistical evidence is 'admissible and may be helpful,' it is 'ordinarily not dispositive.'

*Castillo v. Am. Bd. Of Surgery*, 221 F. Supp. 2d 564, 570 (E.D. Pa. 2002) (emphasis in original, internal citations omitted).  The *Castillo* Court cited with approval decisions from other jurisdictions holding that "large statistical differences are required before courts will attach any real significance to statistical evidence" and "in individual disparate treatment case, statistical evidence alone is insufficient to demonstrate pretext in the face of a particularized, legitimate, nondiscriminatory reason."  *Id.* at  570-571.  The Davis affidavit, even if construed most generously to constitute some form of statistical evidence, is insufficient as a matter of law to raise an inference of discrimination regarding Plaintiff's claim.

---

[1] It is significant that Ms. Davis declined to sign an earlier version of her affidavit in which the status of "people of color" at Starz was more negatively described by Plaintiff:

*Compare,* Davis draft affidavit paragraphs 10 and 11:

> 10.    The culture of the Company is not conducive to people of color at the management level.

> 11.    If, however, a person of color employed by the Company is a secretary, marketing coordinator, or administrative assistant, the Company is more comfortable with that person of color.

Plaintiff's Motion, Exhibit A.

*with* Davis affidavit paragraphs 10 and 11:

> 10.    There are few people of color at the management level.

> 11.    However, there are more people of color employed by the Company as  secretaries, marketing coordinator, administrative assistant, and other support functions.

Plaintiff's Motion, Exhibit D.

1018269v1

**C.** **The Motion for Reconsideration Does Not Demonstrate Any Error in the Court's Summary Judgment Ruling, and Should Therefore Be Denied.**

Arguments that simply re-plow barren ground provide no basis for relief under Fed. R. Civ. P. 59 and 60. A motion for reconsideration has no foundation where it simply requests a court to rethink a decision it has already made. *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Such a motion for reconsideration cannot be used as an opportunity to take a second bite at the apple simply because a party does not agree with the court's prior decision. "The purpose of a motion for reconsideration is to correct manifest errors of law . . ." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985*).* Plaintiff does not allege that the Court made such manifest errors of law.

The arguments that Plaintiff makes regarding "facts overlooked by the Court in its Opinion" represent nothing more than a rehash of those arguments previously advanced in her Opposition to Defendant's Summary Judgment Motion. The Court has already fully considered and rejected Plaintiff's evidence as giving rise to an inference of discrimination. This Court is not obligated to reference each piece of evidence submitted by the Plaintiff in its decision. On the contrary, this Court's findings of fact will be upheld on review unless they are found to be clearly erroneous:

> Because a finding of intentional discrimination is a finding of fact, the standard governing appellate review of a district court's finding of discrimination is that set forth in Federal Rule of Civil Procedure 52(a): 'Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.' . . .

> This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently. The reviewing court oversteps the bounds of its duty under Rule 52(a) if it undertakes to duplicate the role of the lower court. 'In applying the clearly erroneous standard to the findings of a district court sitting without a jury, appellate courts must constantly have in mind that their function is not to decide factual issues *de novo...*' If the district court's account of the evidence is

-7-

plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently.  Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.

*Anderson v. Bessemer City,* 470 U.S. 564, 573-574 (1985) (emphasis in original, internal citations omitted).

A motion for reconsideration is not properly grounded on a request that a court reconsider Plaintiff's repetitive arguments, which consist of nothing more than "her unsupported personal beliefs" that she was terminated on the basis of her race.  *See, e.g., Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).  Plaintiff's dissatisfaction with this Court's ruling is not a proper basis for reconsideration.  *Hand v. American Board of Surgery, Inc*., No. 01-2172, 2002 U.S. Dist. LEXIS 7237 (E.D. Pa. Apr. 24, 2002) (Yohn, J.) at *3 ("any litigant considering bringing a motion to reconsider . . . should evaluate whether what may seem to be a clear error of law is in fact simply a disagreement between the Court and the litigant").

### III.    CONCLUSION

Due to the strong interest in the finality of judgments, courts should grant motions for reconsideration only sparingly.  *Slagan v. John Whitman & Assocs.*, No. 97-3961, 1997 U.S. Dist. LEXIS 14910 (E.D. Pa. Sept. 27, 1997), at *1 (citation omitted).  *See also, Hand,* 2002 U.S. Dist. LEXIS 7237 at *3 (a motion for reconsideration "cannot properly be grounded merely on a request that a court 'rethink a decision it has already made.'").

1018269v1

-8-

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's Motion

for Reconsideration.


By:    /s/ _____
       David H. Stacy
       Elzi Pringle Gurr & Stacy
       950 17th Street, Suite 1875
       Denver, CO  80202
       (303) 623-9111



By:    /s/ _____
       Edward T. Ellis
       L. Kristen Blanchard
       Montgomery McCracken Walker
            & Rhoads, LLP
       123 Broad Street, Avenue of the Arts
       Philadelphia, PA 19109
       (215) 772-7491

1018269v1

-9-

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of March, 2004, a true and correct copy of the above

and foregoing **Defendant's Response To Plaintiff's Motion For Reconsideration** was served by

U.S. mail, first-class postage prepaid, addressed to the following:

Sharon Gilbert Timm, Esquire
350 South Main Street
Penn's Court – Suite 111
Doylestown, PA  18901

*Attorney for Plaintiff,*
*Katrina Williams McCoy*

_____
L. Kristen Blanchard

1018269v1