IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATRINA WILLIAMS-McCOY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| STARZ ENCORE GROUP | : | NO. 02-5125 |
| a/k/a ENCORE MEDIA COMPANY, | : | |
|     Defendant. | : | |

## Order

YOHN, J.

And now, on this _____ day of March 2004, upon consideration of plaintiff's motion to reconsider (Doc. #28) and defendant's opposition thereto (Doc. #29), it is hereby ORDERED that plaintiff's motion to reconsider is DENIED.[1]

                                                                                                            _____

                                                                                                             William H. Yohn, Jr., J.

---

1.     I granted summary judgment for defendant in this employment discrimination action on February 5, 2004. *See Williams-McCoy v. Starz Encore Group*, 2004 WL 356198 (E.D. Pa. Feb. 5, 2003); Doc.# 27. She now moves for reconsideration.

    "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Reconsideration is proper where the moving party demonstrates one of three grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)); *see also* Local Rule 7.1(g).

    Plaintiff's motion for reconsideration is based on the discovery of evidence not previously available. *See* Pl.'s Mot. Reconsideration, ¶ 7. More specifically, plaintiff alleges that the

affidavit of Dee Filey Davis, attached to her Motion for Reconsideration, is "newly acquired evidence" that "could not have been discovered before briefing the Court in her summary judgment motion despite exercise of reasonable diligence." Pl.'s Br. at 5.

"A district court may properly refuse to consider evidence presented in a motion for reconsideration when the evidence was available prior to summary judgment." *Bailey v. United Airlines*, 279 F.3d 194, 201 (3d Cir. 2002) (citing *Zlotnicki*, 779 F.2d at 909). In this case, Davis's testimony was available to plaintiff long before her summary judgment brief was due. As defendant points out, plaintiff listed Davis as a potential witness as early as March 18, 2003. *See* Def.'s Resp. at Ex. A (Pl.'s Resp. Def.'s Consol. Interrogs. & Reqs. for Prod. Docs.). In response to written discovery, plaintiff identified Davis as a "former District Manager for Starz Encore Group based in the Chicago Office, who was terminated under the same exact circumstances as the Defendant [and who] has knowledge relevant to the racial climate at Starz Encore Group." *Id.* It is in precisely this capacity that plaintiff now relies upon Davis, undercutting any claim that either Davis's identity or her potential testimony is "newly discovered."

Instead, plaintiff contends that she was financially unable to depose Davis, who resides in Ohio, and that she was unable to obtain Davis's affidavit in a timely fashion due to an empty "fax machine cartridge." Pl.'s Br. at 6. Motions for reconsideration "may not be used 'as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.'" *Johnson v. Diamond State Port Corp.*, 50 Fed. Appx. 554, 560, 2002 WL 31429864, *6 (3d Cir. 2002) (quoting *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990)). Plaintiff had approximately six months– at least– during which to depose Davis or obtain her affidavit, and has offered no compelling reason why she was unable to do so before the last minute. Davis's affidavit, therefore, does not constitute "newly discovered evidence" and does not warrant a reconsideration of this court's summary judgment grant.

It seems worth noting, moreover, that even if I were to consider the affidavit offered by plaintiff, my decision would remain unchanged. Davis's affidavit does not include a single mention of race-based discrimination. Rather, Davis– a black woman– states that she, like plaintiff, was placed on an Action Plan and discharged for performance reasons. *See* Pl.'s Br. Ex. 1B. She makes no reference to race other than her statement that few "people of color" are employed by defendant in management positions, whereas more "people of color" are employed as support staff. *Id.* What Davis does not say is that plaintiff, or other African-American employees, were treated less favorably because of their race– evidence that could be relevant to plaintiff's case. Accordingly, the sparse details of Davis's own performance-based termination do not lend support to plaintiff's otherwise unsubstantiated claims of race-based discrimination. Because plaintiff's proffered affidavit is neither "newly discovered" nor would it have changed this court's prior decision, plaintiff's motion for reconsideration must be denied.